UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                          Case No. 3:17-cr-55

             Plaintiff

       v.                                   MEMORANDUM OPINION
                                               AND ORDER

Marcus Stephens,

             Defendant

## I.    INTRODUCTION AND BACKGROUND

Defendant Marcus Stephens, an inmate at FCI Morgantown in Morgantown, West Virginia, seeks an order reducing his sentence to time served and providing for his immediate release from custody, or to be placed on home confinement for the remainder of his sentence. (Doc. No. 757). The government filed a brief in opposition. (Doc. No. 775). Stephens then filed a supplemental brief in support of compassionate release. (Doc. No. 783-3).

On March 8, 2017, Stephens was indicted on one count of Conspiracy to Possess with Intent to Distribute Drugs, in violation of 21 U.S.C. § 846, and two counts of Use of a Telecommunications Facility to Facilitate a Drug Conspiracy, in violation of 21 U.S.C. § 843(b). (Doc. No. 17). He pled guilty to the conspiracy count and one of the phone counts, and the remaining count was dismissed. His guidelines range was calculated at 57 to 71 months. I subsequently sentenced Stephens to a total of 57 months in prison and two years of supervised release. (Doc. No. 599). Stephens did not appeal.

In August 2020, Stephens filed a *pro se* motion seeking to be placed on home confinement for the remainder of his sentence. (Doc. No. 718). I denied the motion without prejudice because Stephens did not comply with the exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A) before filing his motion. (Doc. No. 724).

On January 12, 2021, Stephens, through counsel, filed the present motion to reduce his sentence under 18 U.S.C. § 3582(c)(1). (Doc. No. 757). In support, Stephens contends he would be at an increased risk of severe illness or death if he were to contract COVID-19 because he is obese, and because, given his family history, he has a predisposition to diabetes and hypertension.

The government argues that Stephens has not demonstrated there are extraordinary and compelling circumstances to justify the reduction of his sentence. (Doc. No. 775). The government also contends Stephens has failed to show a sentence reduction would be consistent with the factors set forth in 18 U.S.C. § 3553(a).

## II.   ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

After I denied his earlier motion for compassionate release for failure to comply with the exhaustion requirement, Stephens sought relief through the administrative process. Stephens's "Inmate Request to Staff Member" was denied on September 11, 2020. On September 25, 2020, he filed a "Request for Administrative Remedy," in which he sought reconsideration of the denial, but

2

that request was denied on October 1, 2020. Because more than 30 days passed between this and Stephens filing the present motion, he has complied with the exhaustion requirement and I can consider his motion on the merits.

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

Stephens argues that his medical conditions, coupled with the prevalence of COVID-19 cases at FCI Morgantown, constitute extraordinary and compelling reasons to justify the reduction of his sentence.

I am sympathetic to the fact that Stephens's obesity places him at an increased risk of severe illness from the virus that causes COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. But at the same time, FCI Morgantown has managed to significantly reduce the number of cases at the facility. According to the Bureau of Prisons, there no inmates or staff members who with active COVID-19 cases. *See* Federal Bureau of Prisons, *COVID-19 Cases*, at https://www.bop.gov/coronavirus (last visited Mar. 31, 2021). And the process of vaccinating staff members and inmates is underway. In light of this

3

progress, I cannot conclude that Stephens's present circumstances constitute extraordinary and compelling conditions.

Even if Stephens had met his burden of showing that extraordinary and compelling circumstances existed, I could not grant the relief he seeks because I find a sentence reduction would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a). The relevant factors here include the nature and circumstances of Stephens's offense, and the need for the sentence imposed to deter him and others, to reflect the seriousness of the offense, and to promote respect for the law. Stephens was a high-level distributor and his offense conduct included the storing, transportation, and distribution of both cocaine and heroin over an extended period of time. And while I commend Stephens for his participation in the Residential Drug Abuse Program and his role in leading a self-help group while he has been in prison, he has still served under half of his initial sentence.

Ultimately, I cannot conclude that Stephens has met his burden of showing that there are extraordinary and compelling circumstances that warrant a reduction, or that a reduction would be consistent with the § 3553(a) factors.

### III. CONCLUSION

For these reasons, I deny Stephens's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 757).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge